IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALPHONSO CLEMENTE BATTLE,        )<br>                                                                )<br>             Petitioner,                              )<br>                                                                )<br>v.                                                            )         Civil Action No. 2:09cv152-WHA<br>                                                                )                              (WO)<br>UNITED STATES OF AMERICA,      )<br>                                                                )<br>             Respondent.                          ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Alphonso Clemente Battle ("Battle") brings this action as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Battle challenges the sentenced imposed on him after his supervised release was revoked and alleges that he received ineffective assistance of counsel during the revocation proceedings.

### I.   PROCEDURAL BACKGROUND

In October 1999, pursuant to a plea agreement, Battle pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. After granting a downward departure, the district court, in April 2000, sentenced Battle to 116 months in prison to be followed by five years of supervised release. Battle began serving the sentence in June 2000.

On November 17, 2005, the district court granted the government's motion for a sentence reduction pursuant to Fed.R.Crim.P. 35 and reduced Battle's prison sentence to 71 months. Because Battle had earned good-time credit, the sentence reduction resulted in his

release from incarceration. Battle then began his five-year term of supervised release.

In January 2008, the United States initiated proceedings to revoke Battle's supervised release based on his (1) commission of the state and local offenses of speeding and attempting to elude, (2) possession of methamphetamine, (3) filing of false supervision reports with his probation officer, and (4) association with a convicted felon.

A revocation hearing was held on February 26, 2008. After summarizing the charges against Battle, the district court advised him that the statutory maximum sentence upon revocation of supervised release was 60 months in prison; that the advisory guidelines range in Battle's case was 4-10 months; and that because Battle had previously benefitted from downward departures that were applied to his initial sentence, he should assume that, if found guilty, he would be sentenced "to substantially more than the amount of the advisory guidelines and up to five years." (*Revocation Hearing*, Gov. Exh. D, at 3-4.)

Battle pled guilty to the charges against him, after which his counsel advised the court that the government, the defense, and Battle's probation officer had all agreed to recommend a sentence of 40 months. (*Id*. at 4-5.) In accepting this recommendation, the court stated as follows:

> I'll accept the joint recommendation of the government and the defense counsel as to 40 months. I think under all the circumstances, that's a reasonable sentence.
>
> It's not as much, Mr. Battle, as I would have been thinking about if your lawyer had not negotiated with the U.S. Attorney. But having done that, I will find that 40 months is reasonable, and that's what I'll sentence you to.

(*Id*. at 7.) The court then asked Battle if it was his "personal agreement" that the 40-month

sentence was reasonable and Battle stated, "Yes, sir." (*Id*. at 9.)

Battle filed a notice of appeal but later moved to dismiss the appeal. On July 24, 2008, the Eleventh Circuit dismissed the appeal with prejudice.

On February 25, 2009, Battle, through counsel, filed this motion under 28 U.S.C. § 2255, alleging that his lawyer during the revocation proceedings "was ineffective for failing to attempt to negotiate a lesser sentence based on mitigating factors never made known to the sentencing judge during the revocation proceedings." (*See § 2255 Motion*, Doc. No. 1; *Memorandum of Law in Support of § 2255 Motion*, Doc. No. 2, at 7.) Specifically, Battle faults his lawyer for

(1) failing to seek reduction of his sentence based on a 2007 amendment to U.S.S.G. § 2D1.1; and

(2) failing to argue that "unused" good-time credit earned during his original term of custody should be applied against the sentence imposed upon revocation of his supervised release.

(Doc. No. 2 at 7-8.)

The United States filed an answer in which it contends that Battle's claims are without merit and do not entitle him to any relief under 28 U.S.C. § 2255. (Doc. No. 9.) After careful consideration of the § 2255 motion, the parties' submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts,* the motion should be denied.

## II.  DISCUSSION

### A. *Standard of Review for Claims of Ineffective Assistance of Counsel*

In order to succeed on a claim of ineffective assistance of counsel, a petitioner must meet the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that test, the petitioner must first show that his counsel's performance was deficient because it "fell below an objective standard of reasonableness." *Id*. at 688. Second, he must show that counsel's deficient performance actually prejudiced his defense. *Id*. "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance,' [and] the defendant bears the burden of proving counsel's representation was unreasonable under prevailing professional norms and that the challenged actions was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). The court must be mindful to "address not what is prudent or [even] appropriate, but only what is constitutionally compelled." *Burger v. Kemp*, 483 U.S. 776, 794 (1987).

### B. *Counsel's Failure to Seek Sentence Reduction Based on Amendment to U.S.S.G. § 2D1.1*

Battle contends that his counsel rendered ineffective assistance during the revocation proceedings by failing to seek a reduction of his sentence based on the 2007 amendment to U.S.S.G. § 2D1.1. (Doc. No. 2 at 7-8 & 11-12.)

On November 1, 2007, the Sentencing Commission amended U.S.S.G. § 2D1.1 to lower by two points the base offense levels applicable to cocaine base ("crack") offenses. The amendment was intended to alter the disparity in sentences involving crack cocaine and

sentences involving powder cocaine. The Sentencing Commission subsequently voted to apply the amendment retroactively to crack offenses and set March 3, 2008, as the date the amendment could be applied retroactively.[1] Pursuant to U.S.S.G. § 1B1.10, any such reduction pursuant to the amendment to § 2D1.1 must also be consistent with the Sentencing Commission's policy statements, which provide that a sentencing reduction is not permitted if none of the retroactive amendments listed in U.S.S.G. § 1B1.10(c) apply to the defendant or a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." *See* U.S.S.G. § 1B1.10(a)(2)(A)-(B).

Battle maintains that because his 1999 conviction was for a crack cocaine related offense, his counsel during the revocation proceedings should have argued to the district court that the amendment to § 2D1.1 operated to allow a reduction in the sentence imposed upon revocation of his supervised release. However, "the statutory authorization for a term of supervised release is distinct from the authorization for a prison term." *See United States v. Postley*, 449 F.3d 831, 833 (8th Cir. 2006.) Moreover, the commentary to U.S.S.G. § 1B1.10, which applies to the amendment to § 2D1.1, expressly provides: "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." *See* U.S.S.G. § 1B1.10, comment. (n.4(A)). Further, Chapter 7 of the Sentencing Guidelines sets out the guideline ranges applicable to defendants

---

[1] The proper vehicle for seeking a sentence reduction under the amendment to § 2D1.1 is through a motion filed with the district court pursuant to 18 U.S.C. § 3582(c)(2).

5

whose terms of supervised release have been revoked. *See* U.S.S.G. § 7B1.4(a). Therefore, in the context of a revocation of supervised release, a defendant is not sentenced under the crack cocaine guidelines in U.S.S.G. § 2D1.1, and the amendment to § 2D1.1 has no effect on any sentence imposed upon revocation of supervised release. *See United States v. Gaskin*, 333 Fed.Appx. 450, 451 (11th Cir. 2009) (unpublished).

Because, Battle is not currently imprisoned as a result of his original sentence for his controlled substance conviction, he plainly is not eligible for a reduction in his sentence pursuant to the amendment to § 2D1.1. Consequently, he cannot show deficient performance by his counsel in this regard, or any resulting prejudice. It is well settled that counsel is not ineffective for failing to raise a meritless issue. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). This claim entitles Battle to no relief.

### C.     *Counsel's Failure to Argue for Application of "Unused" Good-time Credit Against New Sentence*

Battle contends that his counsel during the revocation proceedings was ineffective for failing to argue that "unused" good-time credit he earned during his original term of custody (for his controlled substance conviction) should be applied against the sentence imposed upon revocation of his supervised release. (Doc. No. 2 at 8-10.)

Battle states that when the district court granted the government's Rule 35 motion in November 2005, reducing his original 116-month sentence for cocaine distribution to a term of 71 months, the good-time credit he had earned on the sentence resulted in his immediate

release from incarceration. He maintains that because he had actually earned good-time credit in excess of the amount necessary to allow for his immediate release, any "unused" good-time credit he earned on his original sentence should have been applied to the sentence that was imposed upon revocation of his supervised release. He argues that his counsel was ineffective for failing to urge the district court to apply the unused good-time credit against his current sentence.

The attorney who represented Battle during the revocation proceedings filed an affidavit in which he addresses this claim by Battle as follows:

> 6. The petitioner also alleges that he was denied effective assistance of counsel because counsel "never mentioned ... the fact that Battle served in excess of the sentence imposed by the Court on the Government's Rule 35 motion of 71 months." (Doc. # 2, Motion, page 8).
>
> 7. Counsel did not raise the issue of the excess time at the revocation hearing because counsel had negotiated the agreed upon sentence of 40 months with the government, and the agreement considered the excess time served. In addition, counsel believed the Bureau of Prisons would credit Mr. Battle for the excess time served.

(*Affidavit of Michael J. Petersen*, Doc. No. 4, at 2.)

The record sufficiently establishes that Battle's sentencing history, including the effect of any orders reducing his original sentence, was considered in the parties' agreement that a 40-month sentence upon revocation of his supervised release was reasonable. The record also reflects that the district court would not have been amenable to imposing a lesser sentence than 40 months based on an argument that some of the good-time credit Battle earned on his original sentence had not been used at the time he was released from that

sentence. Thus, Battle's counsel was not ineffective for failing to raise such a claim. If Battle believes that the "unused" good-time credit from his original sentence should be applied to his service of the sentence imposed upon revocation of his supervised release, he should file a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the federal district court with jurisdiction over his custodian after exhausting the administrative remedies available within the Bureau of Prisons.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Battle be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before January 4, 2011.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 21st day of December, 2010.


                                      /s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE